JUSTICE GRAY,
dissenting.
¶44 I join in Justice Nelson’s dissent, except for that portion which discusses Berg, in which I did not participate. I have now read the briefs, the record on appeal, and the opinions in that case and would have joined Justice Nelson’s concurrence therein had I participated in the case.
¶45 It is clear from the present case and Berg that the abuse of discretion standard has met its demise. It simply cannot fairly be said, in this case and on this record, that the District Court acted “arbitrarily without employment of conscientious judgment or exceeded the bounds of reason resulting in substantial injustice[,]” which is our standard in evaluating whether an abuse of discretion has occurred. See Groves, ¶ 25.
¶46 In addition to Justice Nelson’s thorough discussion of the impropriety of the Court’s action here, it is appropriate to make one additional point. In determining that the District Court abused its discretion, the Court seems to rely largely on its statement that “the option of continuing the trial date and imposing any related costs of delay as a sanction against Dezeeuw’s attorney was available.” Under § 46-15-329, MCA, the Court’s statement is correct. The problem with the Court’s approach, though, is that sanction options are always available and, under § 46-15-329, MCA, it is up to the trial court to “impose any sanction that it finds just under the circumstances[.]” *391 Here, the District Court exercised its discretion in selecting from the available options the sanction it determined was just and set forth its sound reasoning for the sanction selected. The record fully supports the District Court’s decision. In my view, the Court has simply taken onto itself the discretionary power granted by statute to the trial court and substituted its judgment for that of the District Court.
¶47 I dissent.